**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

QIU MINZHEN,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. CV 26-6553 FMO (RAO)

**ORDER RE: FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and General Order 05-07, the Court has reviewed de novo all the briefing related to the Petition and the Magistrate Judge's Report and Recommendation (Dkt. 17, "R&R"), which recommends denying the Petition. (See id. at 14). Petitioner filed objections to the R&R, (see Dkt. 18, "Objections"); (Dkt. 19, "Supp. Objections"), and contends that her removal is not reasonably foreseeable under the burden-shifting framework in Zadvydas v. Davis ("Zadvydas"), 533 U.S. 678, 121 S.Ct. 2491 (2001), and requests immediate release. (See Dkt. 19, Supp. Objections at 5).

As an initial matter, the court agrees with the R&R that the court has jurisdiction to hear petitioner's claims. (See Dkt. 17, R&R at 6-8). However, the court respectfully disagrees with the R&R's conclusion that Zadvydas does not warrant release. (See id. at 9-12). It is undisputed that petitioner is being detained under 8 U.S.C. § 1231.[1] (See id. at 10); Johnson v. Arteaga-Martinez,

[1] Unless otherwise indicated, all section references are to Title 8 of the United States Code.

596 U.S. 573, 575, 142 S.Ct. 1827, 1830 (2022) ("Section 241(a) of the [INA], codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States."); Giorges v. Kaiser, 2025 WL 2898967, *7 (N.D. Cal. 2025) (noting the statute governing petitioner's detention "shifted" to § 1231(a) once his removal order became final). Under § 1231(a), when a noncitizen is ordered removed, the Attorney General must effectuate removal within 90 days. 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the 90-day removal period.[2] Id. at § 1231(a)(2)(A). If the removal period expires before the noncitizen has been removed, § 1231(a)(6) authorizes the Attorney General to continue the "post-removal-period detention . . . to certain categories of aliens who have been ordered removed, namely, inadmissible aliens, criminal aliens, aliens who have violated their nonimmigrant status conditions, and aliens removable for certain national security or foreign relations reasons, as well as any alien 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" Zadvydas, 533 U.S. at 688, 121 S.Ct. at 2498 (quoting 8 U.S.C. § 1231(a)(6)).

In Zadvydas, the Supreme Court held that because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem[,]" § 1231(a)(6) limits a noncitizen's post-removal-period detention to "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." 533 U.S. at 689-90, 121 S.Ct. at 2498. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized[.]" Id. at 699, 121 S.Ct. at 2503. "In that case, . . . the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances[.]" Id. at 700, 121 S.Ct. at 2504; see also 8 U.S.C. § 1231(a)(3) ("If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

---

[2] Petitioner's removal order was issued on February 2, 1999. (See Dkt. 17, R&R at 2). Therefore, the 90-day mandatory detention period has passed. See 8 U.S.C. § 1231(a)(2)(A).

The Zadvydas court also held that "for the sake of uniform administration in the federal courts[,]" six months is a "presumptively reasonable period of detention[.]" 533 U.S. at 700-01, 121 S.Ct. at 2504-05. However, this "does not mean that every [noncitizen] not removed must be released after six months." Id. at 701, 121 S.Ct. at 2505. Rather, "[a]fter this 6-month period," a noncitizen is eligible for conditional release if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" Id., 121 S.Ct. at 2505. If the noncitizen satisfies his initial burden, "the Government must [then] respond with evidence sufficient to rebut that showing" to warrant continued detention. Id., 121 S.Ct. at 2505.

As of the filing date of this Order, petitioner's detention has exceeded the presumptively reasonable six-month period. (See Dkt. 19, Supp. Objections at 2) (noting petitioner was detained on March 10, 2026). Petitioner contends that "there is no significant likelihood of removal in the reasonably foreseeable future" and asks the court to direct respondents to submit documentation addressing whether removal is likely. (See id. at 4-5). On October 5, 2026, the court directed respondents to respond no later than October 16, 2026, to petitioner's supplemental objections and "provide the requested information concerning petitioner's removal and . . . attach all relevant supporting documents, including: (1) whether any travel documents or other documentation exist relating to petitioner's removal; (2) whether respondents have been communicating with any country regarding petitioner's removal; and (3) whether any country is willing to accept petitioner[.]" (Dkt. 20, Court's Order of October 5, 2026). The court also admonished respondents that "[f]ailure to provide the required information and documentation will be deemed as a concession that respondents are not prepared to remove petitioner[.]" (Id.). To date, respondents have failed to respond or submit the requested documents.[3] (See, generally, Dkt.). Accordingly, petitioner has

---

[3] On October 28, 2026, petitioner filed an Ex Parte Application for Temporary Restraining Order seeking immediate release based on respondents' failure to respond to the Court's Order of October 5, 2026. (See Dkt. 21, "Application" at 1-2). On October 29, 2026, respondents filed their opposition, asserting that "[t]he Chinese government has provided a travel document for Petitioner." (See Dkt. 22, Respondents' Opposition to Ex Parte Application for Temporary Restraining Order ("Opp.") at 1). Respondents attached as an exhibit the purported travel document which is petitioner's redacted Chinese passport. (See Dkt. 22-1, Exh. A at ECF 3). As an initial matter, this submission is untimely. The court's deadline was October 16, 2026, (see Dkt.

met her burden to show that her removal is not reasonably foreseeable, and respondents have failed to rebut that showing. See, e.g., G.A.A. v. Chestnut, 2025 WL 3251316, *4 (E.D. Cal. 2025) (noting respondents did not offer evidence sufficient to rebut petitioner's showing when respondents "only provide[d] a declaration from Petitioner's temporary deportation officer" and "d[id] not provide any further details" regarding petitioner's removal); Timina v. Wofford, 2025 WL 3228138, *3 (E.D. Cal. 2025) (finding that respondents did not put forth sufficient evidence to rebut petitioner's showing when respondents "d[id] not provide any details whatsoever regarding what actions have been and are being taken in pursuing Petitioner's removal to a third country").

In short, petitioner's continued detention is no longer authorized under § 1231(a)(6), making petitioner's continued detention unreasonable and a violation of her due process rights. See Zadvydas, 533 U.S. at 690, 121 S.Ct. at 2498 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to 'deprive' any 'person . . . of . . . liberty . . . without due process of law.' Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that Clause protects.") (internal brackets omitted); see,

---

20, Court's Order of October 5, 2026), and, as noted above, respondents failed to submit any response by that date. (See, generally, Dkt.). The court's deadlines are not mere suggestions that the government may choose to follow at its convenience. However, even considering the late filing, respondents have still not met their burden. In addition to petitioner's Chinese passport, respondents put forth only a vague declaration from a deportation officer stating that "China remains willing to accept [petitioner], and the travel document remains valid[.]" (See Dkt. 22-2, Declaration of Jorge Suarez ("Suarez Decl.") at ¶ 7); see, e.g., E.M. v. Hermosillo, 2026 WL 883776, *6 (D. Or. 2026) (finding deportation officer's "vague and carefully worded" declaration as "unpersuasive and insufficient" evidence). Respondents do not provide any additional supporting evidence for the deportation officer's claims. (See, generally, Dkt. 22, Opp.); (Dkt. 22-2, Suarez Decl.). Finally, the court is troubled by the evidence submitted by respondents showing that petitioner was transferred out of state to multiple detention facilities, including in Louisiana, Montana, Arizona, Oklahoma, and Texas, (see Dkt. 22-1, Exh. B at ECF 5), despite the court's order that petitioner "shall not be removed from the Central District of California pending further order of the court." (See Dkt. 14, Court's Order of June 25, 2026, at 2). Respondents have offered no explanation for their failure to comply with the Court's Order of June 25, 2026. (See, generally, Dkt. 22, Opp.); (Dkt. 22-2, Suarez Decl.); (see also (Dkt. 20, Court's Order of October 5, 2026) ("Respondents must also . . . include a chronology of petitioner's transfers between detention facilities from June 1, 2026, to the present, and the reason for each transfer.") (emphasis added).

e.g., Gomez v. Mattos,817 F.Supp.3d 1002, 1013 (D. Nev. 2025) ("Because the Court holds that Petitioner's continued detention violates the Fifth Amendment based on the analytical framework provided in Zadvydas, the Court finds that Petitioner's immediate release, subject to reasonable terms of supervision provided under 8 U.S.C. § 1231(a)(3), is warranted."); Rodriguez Del Rio v. Price, 2020 WL 7680560, *5 (W.D. Tex. 2020) ("As Petitioner is being held in violation of the Constitution's Due Process Clause, it follows that Petitioner should be released pursuant to the regulations in § 1231(a)(3).").

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The R&R's findings, conclusions, and recommendations are accepted and rejected as set forth in this Order.

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 2)** is **granted in part** as set forth in this Order.

3. Petitioner's Ex Parte Application for Temporary Restraining Order **(Document No. 21)** is **denied as moot**.

4. Respondents shall release petitioner Qiu Minzhen (A# 077-131-103) forthwith under reasonable conditions of supervision provided under 8 U.S.C. § 1231(a)(3), and with all personal effects seized from petitioner, including all identification documents and immigration documentation.

5. Respondents shall provide petitioner with a copy of this Order at or near the time of release.

6. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

7. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety

of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

8. Judgment shall be entered accordingly.

Dated this 3rd day of November, 2026.

/s/

Fernando M. Olguin
United States District Judge